## Myers's Estate.

*Practice, O. C.—Termination of trust before trustee has filed his account.*

1. It is within the discretion of the Orphans' Court to terminate a trust upon the petition of all parties in interest.

2. A trust, however, will not be terminated where a trustee, although twelve years have elapsed since his appointment, has filed no account, as it may happen that there are outstanding claims against the trust estate and claimants to whom notice of the trustee's account should be given. Especially is this the case where the petition appears to have been prompted merely by a desire to take a short cut to end the trust. In the absence of special circumstances, the trustee should file his account and an application for the termination of the trust should be made to the auditing judge, who will find the facts in his adjudication and make such award as may appear to him proper under the law.

3. The Orphans' Court has discretionary power to direct the filing of an account by a trustee.

*Termination of trust—Declaratory Judgments Act of June 18, 1923.*

4. The Declaratory Judgments Act of June 18, 1923, P. L. 840, is not intended for, and should not be invoked in, cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedure.

Petition for citation to trustee to pay over trust fund to beneficiaries. O. C. Phila. Co., July T., 1907, No. 38.

The testator, David J. Myers, father of the petitioners, died May 13, 1896, leaving a will duly admitted to probate, by which he gave his residuary estate to a trustee for the benefit of his three daughters, two of whom were the petitioners, and for the children of a third daughter, one Hannah Egner, if she survived Eleanor M. Stokes, one of the petitioners, and left children. The said Hannah Egner had died and left no child, as appears from the petition. The petitioners, therefore, averred that the testator's residuary estate had vested absolutely in them and that they were entitled to the same, and prayed that the trustee be directed to make a transfer of the securities.

*E. Spencer Miller*, for petitioners.

Per Curiam (Gest, J.), March 23, 1928.—This is a petition for a citation, directed to the trustee under the will of this decedent, to show cause why he should not transfer to the beneficiaries the trust estate, inasmuch as it appears from the averments of the petition that they are the only parties interested in the estate under the will. And it is stated by counsel that if the citation is granted, the trustee will not oppose the prayer of the petition.

We have sometimes, in our discretion, and in exceptional cases, such as Simmons's Estate, 3 D. & C. 323, terminated trusts upon the petition of all the parties interested, but, under our well settled practice, we are not bound to do so, and, in our opinion, the trustee in the present case should file his account, upon the audit of which the Auditing Judge may find the facts in his adjudication, and make such awards as may appear to him to be proper under the law. We have examined the record of this case and find that, although the trustee was appointed on Sept. 3, 1915, over twelve years ago, no account has ever been filed by him, and in the meantime, some seven years ago, he sold certain real estate under an order of this court. The trustee entered corporate security upon his appointment, and further corporate security when he sold the real estate. In the natural course he will apply for his discharge, but this cannot be granted, under section 52 *(a)* of the Fiduciaries Act, until he shall have filed his account and the same shall have been confirmed; and section 46 *(h)* contemplates the filing of triennial

accounts by trustees in due course, while Rule X of this court requires the assent of the surety to the trustee's discharge.

That we have discretionary power to direct the filing of an account by a trustee whenever we think it should be done, we cannot doubt, as section 9 *(b)* of the Orphans' Court Act of 1917 gives us jurisdiction respecting the control, removal, discharge and settlement of the accounts of trustees.

The present petition is merely prompted by the desire of the petitioners to take a short cut in order to realize their purpose; but the experience of this court shows that, in the great majority of cases, such irregular methods are productive of confusion and often of injury to the rights of the parties. It may readily happen that there are outstanding claims against the trust estate, and legal notice of the trustee's account should be given to all possible claimants. If this petition should be granted, the court would be overrun with many similar petitions for the construction of wills, and the determination of the rights of the parties thereunder.

It was suggested by the learned counsel for the petitioners that the granting of their petition would not relieve the fiduciary from his obligation to file an account in the future; but to authorize the trustee to transfer all the assets of the estate, and then have him file an account, would be putting the cart before the horse.

It was also suggested that the present petition was in the nature of a petition under the Declaratory Judgments Act of June 18, 1923, P. L. 840, and it is, indeed, substantially equivalent to such a petition, with the addition of a prayer for affirmative relief. But it is now well settled that this act was not intended for, and should not be invoked in, cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedure: List's Estate, 283 Pa. 255. See, also, Brumagin's Petition, 6 D. & C. 431; Follweiler's Estate, 6 D. & C. 757.

The petition is, therefore, dismissed.